FILED

NOT FOR PUBLICATION

MAR 07 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HEIDI EBERLY-SHERMAN, | No. 10-73713 |
| Petitioner, | OWCP No. 14-134194 |
| v. | |
| DEPARTMENT OF ARMY/NAF; DIRECTOR, OFFICE OF WORKERS COMPENSATION PROGRAMS, | MEMORANDUM* |
| Respondents. | |

On Petition for Review of an Order of the
Office of Workers Comp Program

Argued and Submitted February 15, 2012
San Francisco, California

Before: HUG, B. FLETCHER, and PAEZ, Circuit Judges.

Heidi Eberly-Sherman petitions for review of the final order of the Benefits

Review Board ("BRB") affirming an administrative law judge's ("ALJ") award of

attorney's fees to her attorney, Charles Robinowitz, pursuant to the Longshore and

---

* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Harbor Workers' Compensation Act ("Longshore Act"), 33 U.S.C. § 901 *et seq.*

Petitioner contends that the BRB erred in affirming a $309.00 hourly rate for Robinowitz and a $110.00 hourly rate for Robinowitz's legal assistant. Because the parties are familiar with the factual and procedural history of this case, we need not recount it here. We have jurisdiction under 33 U.S.C. § 921(c), and we deny the petition.

"[T]he burden is on the fee applicant to produce satisfactory evidence . . . that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Christensen v. Stevedoring Servs. of Am.*, 557 F.3d 1049, 1053 (9th Cir. 2009) (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)). The BRB did not err in concluding that Robinowitz failed to meet this burden. *See Van Skike v. Dir., Office of Workers' Comp. Programs*, 557 F.3d 1041, 1045-46 (9th Cir. 2009).

The BRB did not err in affirming the ALJ's decision to consider the hourly rates of workers' compensation attorneys in setting Robinowitz's rate. A major consideration in determining an appropriate fee award under the Longshore Act is the market rate of attorneys employing legal skills similar to those required by Longshore practice. *See Christensen*, 557 F.3d at 1053. Here, the ALJ considered

rates charged by workers' compensation attorneys in calculating Robinowitz's hourly rate because the ALJ determined that workers' compensation practice requires legal skills similar to those required by Longshore practice. Substantial evidence supports this finding. This is especially true because Longshore practice is a form of workers' compensation practice. *See* 33 U.S.C. § 902(2).

The BRB did not err in affirming the ALJ's refusal to place Robinowitz in the top ten percent of his peers. The ALJ had an opportunity to observe Robinowitz's filings in the fee proceeding and had access to the record for the case. The record included an order by a different ALJ, which explained that Robinowitz had made "sophomoric," "careless," and "egregious" errors in his representation of Eberly-Sherman. While the BRB modified that order, it did not set aside the ALJ's findings regarding the quality of Robinowitz's work. Therefore, substantial evidence supports the ALJ's refusal to place Robinowitz in the top ten percent of his peers. Additionally, the ALJ's consideration of the quality of Robinowitz's representation in the case does not violate *Perdue v. Kenny A. ex rel. Winn*, ––– U.S.––––, 130 S. Ct. 1662 (2010), because unlike the district court in *Perdue*, the ALJ in this case considered representation quality only once when determining the reasonable hourly rate. *See id.* at 1674–76 (holding that the district court erred by enhancing a lodestar award by 75%, based on performance,

because the lodestar method incorporates hourly rates based upon attorney market value).

The BRB also did not err in affirming the ALJ's consideration of Oregon market rates instead of Portland market rates. An attorney's fee is "calculated according to the prevailing market rates in the relevant community." *Christensen*, 557 F.3d at 1053 (quoting *Blum*, 465 U.S. at 895). "The relevant community is generally defined as the forum in which the district court sits." *Van Skike*, 557 F.3d at 1046 (internal quotation marks and citation omitted). In this case, the district court is located in Portland, Oregon, but its jurisdiction includes the entire state of Oregon. In light of Mr. Robinowitz's failure to provide satisfactory evidence establishing that the hourly rate for attorneys providing similar services to Longshore Act work is higher in Portland than it is in the rest of Oregon, substantial evidence supports the ALJ's reliance on Oregon fee rates.

Finally, because Robinowitz failed to carry his burden to produce satisfactory evidence supporting his requested legal assistant rate, the BRB did not err by affirming the awarded legal assistant rate. *See Christensen*, 557 F.3d at 1055.

**PETITION DENIED.**

4